Filed 7/29/13  P. v. Contreras CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ISMAEL GONZALEZ CONTRERAS,<br><br>    Defendant and Appellant. | A135198<br><br>(Alameda County<br>Super. Ct. No. CH44529B) |

Defendant Ismael Contreras and Ronnie Padilla were jointly charged in the second amended information with attempted premeditated murder and assault with a deadly weapon.  Each count had allegations that each defendant personally inflicted great bodily harm and committed the offense to promote a criminal street gang.  Padilla alone was charged with eleven additional gun- and gang-related crimes.  A jury convicted defendant—and Padilla—on the two jointly-charged counts, for which defendant was sentenced to an aggregate term of 18 years to life.  (Padilla was convicted as charged on 11 of the charges against him, acquitted on one, and found guilty of a lesser included offense on the last.)

After the first consolidated information was filed, which had the two joint charges and only ten separate charges against Padilla, defendant moved to sever trial on the joint charges.  The obvious ground for the motion was that the two jointly-charged offenses were alleged to have occurred on October 3, 2006, but the remaining counts against Padilla involved offenses for November 12, 2005, December 31, 2005, and March 26, 2008.  Immediately after granting the prosecution's motion to amend the information

1

with the final charge against Padilla, the trial court denied defendant's severance motion, as follows:

"The motion to sever will be denied.  The basis of that is the cross-admissibility of evidence.  Also there's nothing distinctive about Counts Three through Thirteen that are inflammatory.  Gang evidence is part of the facts that have to be elicited by the prosecution to prove the 186.22 allegations.  There's no danger that Mr. Contreras will be convicted on Counts One and Two simply by the jury hearing evidence produced by Counts Three through Thirteen.  The only carryover will be the evidence relating to the pattern of on-going criminal activity.  [¶] Further, the limiting instruction pursuant to CALCRIM 1403 and CALJIC 17.24.3 will protect Mr. Contreras from the jury using that evidence for any other purpose than that for which they are instructed."

Defendant's sole contention is that severance ought to have been granted.

California has a preference for joint trials.  "When two or more defendants are jointly charged with any public offense . . . they must be tried jointly" (Pen. Code, § 1098).  However, "the court in which a case is triable, in the interest of justice and for good cause shown, may, in its discretion order that the different offenses of counts set forth in the accusatory pleading be tried separately" (Pen. Code, § 954).

" 'We review a trial court's denial of a severance motion for abuse of discretion based upon the facts as they appeared when the court ruled on the motion.'  [Citations.] 'If we conclude the trial court abused its discretion, reversal is required only if it is reasonably probable the defendant would have obtained a more favorable result at a separate trial.'  [Citations.]  'If the court's joinder ruling was proper when it was made, however, we may reverse a judgment only on a showing that joinder " 'resulted in "gross unfairness" amounting to a denial of due process.' " '  [Citation.]" (*People v. Souza* (2012) 54 Cal.4th 90, 109.)

"A trial court's denial of a motion for severance of charged offenses amounts to a prejudicial abuse of discretion if the ' "trial court's ruling ' "falls outside the bounds of reason." ' " '  [Citation.] . . .  'The factors to be considered are these:  (1) the cross-admissibility of the evidence in separate trials; (2) whether some of the charges are

2

likely to unusually inflame the jury against the defendant; (3) whether a weak case has been joined with a strong case or another weak case so that the total evidence may alter the outcome of some or all of the charges; and (4) whether one of the charges is a capital offense, or the joinder of the charges converts the matter into a capital case.' [Citations.] 'The state's interest in joinder gives the court broader discretion in ruling on a motion for severance than it has in ruling on [the] admissibility of evidence.' [Citations.]" (*Alcala v. Superior Court* (2008) 43 Cal.4th 1205, 1220-1221.)

Defendant fails to persuade us that the trial court's ruling satisfies the requirements for reversal.

The first of the governing factors—"the cross-admissibility of the evidence in separate trials"—was correctly assessed by the trial court. Both of the counts against defendant and Padilla had enhancement allegations that the offense was, quoting the language of Penal Code section 186.22, subdivision (b)(1), "committed for the benefit of, at the direction of, and in association with a criminal street gang with the specific intent to promote, further and assist in criminal conduct by gang members." "[T]he 'criminal street gang' component of a gang enhancement requires proof of three essential elements: (1) that there be an 'ongoing' association involving three or more participants, having a 'common name or common identifying sign or symbol'; (2) that the group has as one of its 'primary activities' the commission of one or more specified crimes; and (3) the group's members either separately or as a group 'have engaged in a pattern of criminal gang activity.' " (*People v. Vy* (2004) 122 Cal.App.4th 1209, 1222, quoting *People v. Gardeley* (1996) 14 Cal.4th 605, 617.)

It was therefore very likely, as the trial court anticipated, that proving the gang enhancements in the joint counts would necessarily expand the chronological attention of the jury beyond October 3, 2006. Whether Contreras might be personally implicated by that evidence would be pretty much irrelevant, because a mass of gang-related evidence *was* going to be put before the jury. Moreover, all but one of the crimes charged against Padilla—and that was the one added the date defendant's severance motion was denied—were alleged to have occurred prior to October 3, 2006, the date of the jointly-charged

offenses, and thus could be included in proving the gang's existence and pattern of criminal activity.

The second factor—whether some of the charges against Padilla would be likely to unusually inflame the jury against the defendant—does not aid defendant. The charges leveled against Padilla alone were five counts of assault with a firearm; two counts of shooting at an occupied vehicle; one count of permitting someone to shoot from a vehicle; one count of kidnapping for ransom; one count of making a criminal threat; and—the charge added the day defendant's severance motion was denied—one count of having custodial possession of a firearm. All but four of these counts were alleged to have been committed for the purpose of aiding a criminal street gang. These charges do not seem more inflammatory than the attempted murder and firearm assault charges against defendant the jury would consider. Padilla's other charges would be a matter of degree, but not of kind.

The third factor—whether a weak case has been joined with a strong case or another weak case so that the total evidence may alter the outcome of some or all of the charges—is no more helpful to defendant. To judge from the ensuing verdicts—which is technically off-limits (see *People v. Souza*, *supra*, 54 Cal.4th 90, 109)—the evidence against defendant was if anything stronger than that against Padilla, given that Padilla was acquitted of one charge and found guilty on another of a lesser included offense. But neither qualifies as a "weak case."

This never was a capital case, so the fourth factor is inapplicable.

We conclude that, based on what it knew at the time, the trial court did not abuse its broad discretion in denying defendant's severance motion, (*People v. Souza*, *supra*, 54 Cal.4th 90, 109; *Alcala v. Superior Court*, *supra*, 43 Cal.4th 1205, 1221.) Moreover, we could not conclude that the joint trial " ' " 'resulted in "gross unfairness" amounting to a denial of due process.' " ' " (*People v. Souza*, *supra,* at p. 109.)

The judgment of conviction is affirmed.

4

_____
Richman, J.

We concur:


_____
Kline, P.J.


_____
Lambden, J.